UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | ) Civil Action Case No. 4:18-cv-00235 |
| | ) |
| v. | ) |
| | ) |
| DANIEL OPIELA, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ARGUMENT AND AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby moves for the entry of an order striking the Argument and Affirmative Defenses filed by Defendant, Daniel Opiela ("Defendant"), and states:

1. Defendant *pro se* Answer was filed on September 4, 2018 [CM/ECF 24]. This Answer is in the form of a letter and serves as a general denial of the allegations of Plaintiff's complaint and raises arguments that are non-responsive to Plaintiff's complaint.

2. The Plaintiff has no objection to the letter serving as a general denial but would respectfully request the remainder of the letter be stricken as to any non-responsive argument or affirmative defense it may raise.

3. The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

4. The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig*., 600 F.2d 1148, 1168 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006).

5. Defendant's Answer in this matter includes an argument that is non-responsive to the Plaintiff's Amended Complaint and should be stricken as such.

6. Additionally, any defenses that may be raised in Defendant's Answer should be stricken pursuant to Fed. R. Civ. P. 12(f) because such defenses are barebone and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses.

7. "A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

8. Here, Defendant's Answer is simply stream of conscious argument that does not clearly state what, if any, affirmative defenses he is trying to raise.

9. "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); see also *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.").

10. Therefore, any affirmative defenses that may be raised by Defendant's Answer should be stricken as insufficient.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order striking the argument and affirmative defenses in the Answer filed by Defendant, and ruling Defendant's Answer stand as a general denial of the Amended Complaint and no more.

Dated: September 24, 2018                                   Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com
**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system and via U.S. Mail at 21422 Park Willow Dr., Katy, TX 77450.

By: /s/ Paul S. Beik
PAUL S. BEIK
